UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                         :

RBR GLOBAL, LLC, *et al.*,                  :

                          :

               Plaintiffs,     :

                          :          25 Civ. 8381 (JPC)

       -v-                   :

                          :          <u>ORDER</u>

BFG 108, LLC, *et al.*,              :

                          :

              Defendants.    :

                          :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On December 19, 2025, Plaintiffs filed a notice indicating that Defendant Texas First Capital Fund I, Inc. filed for Chapter 7 bankruptcy in the Western District of Oklahoma on December 5, 2025. *See* Dkt. 38 at 2; *see also In re Texas First Capital Fund I, Inc.*, No. 25-13776 (Bankr. W.D. Okla. 2025), Dkt. 1. On December 23, 2025, the Court ordered Plaintiffs to submit a letter advising how Texas First Capital Fund I, Inc.'s bankruptcy affects these proceedings and permitted any Defendant who sought to respond to Plaintiffs' letter to do so by January 12, 2026. Dkt. 40. Plaintiffs filed their letter on January 7, 2026, Dkt. 44 ("Plaintiffs' Letter"), and no Defendant responded. Plaintiffs propose staying this action as to Texas First Capital Fund I, Inc. *Id.* at 2.

"Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against 'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the'" bankruptcy proceedings. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (quoting 11 U.S.C. § 362(a)(1)) (first ellipsis in original). The stay takes effect "immediately upon the filing of the petition." *Id.* It does not affect proceedings against the debtor's co-defendants

unless "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," such as a claim "to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003) (citations and internal quotation marks omitted).

The Court stays this action as to Texas First Capital Fund I, Inc., pursuant to 11 U.S.C. § 362(a)(1). Based on the information currently before the Court, the automatic stay does not reach the remaining Defendants. *See Queenie Ltd.*, 321 F.3d at 287-88. As alleged, Texas First Capital Fund I, Inc. was the "authorized servicing agent" for two co-Defendants. Dkt. 1 ¶ 12; *see* Plaintiffs' Letter at 1. It appears, at least at this early stage, that the Court does not need to adjudicate Texas First Capital Fund I, Inc.'s liability in order to resolve Plaintiffs' claims against its co-Defendants, nor would any judgments against the co-Defendants "have an immediate adverse economic consequence for" Texas First Capital Fund I, Inc.'s estate. *Queenie, Ltd.*, 321 F.3d at 287; *see* Plaintiffs' Letter at 2. Accordingly, the automatic stay applies solely to Texas First Capital Fund I, Inc.

SO ORDERED.

Dated: January 27, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2