UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RBR Global, LLC, et al.,

Plaintiffs,

-v-

BFG 108, LLC, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 8381 (JPC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of a letter from Plaintiffs RBR Global, LLC and Visconti Mortgage Company, LLC ("Plaintiffs"), requesting clarification regarding whether the BFG Defendants'[1] amended counterclaims (Dkt. No. 98 (the "Amended Counterclaims")) are procedurally deficient. (Dkt. No. 100 "Plaintiffs' Letter"). For the reasons set forth below, the BFG Defendants' Amended Counterclaims are not procedurally deficient.

On January 28, 2026, the BFG Defendants filed an answer to the amended complaint. (Dkt. No. 46 (the "Answer")). On May 26, 2026, the BFG Defendants filed their initial counter claims against Plaintiff RBR. (Dkt. No. 81 (the "Original Counterclaims")). On June 10, 2026, during a telephone conference before the Court, Plaintiff RBR agreed to accept service of the Original Counterclaims. (Dkt. No. 95 at 3:25, 4:1; see Dkt. No. 88). On July 8, 2026, Plaintiff RBR filed an executed waiver of service of the Original Counterclaims. (Dkt. No. 93). On July 29, 2026, the BFG Defendants filed the Amended Counterclaims. (Dkt. No. 98).

[1] BFG Defendants are BFG 108, LLC, Banana Marketplace LLC, Highmore Group Advisors LLC, and Dipak Jogia (the "BFG Defendants").

On July 30, 2026, Plaintiffs filed their Letter seeking "clarification that [the Amended Counterclaims are] procedurally deficient[.]" (Dkt. No. 100 at 1). Plaintiffs contend that the Original Counterclaims were an amendment of the BFG Defendants' Answer and, therefore, the BFG Defendants could not amend again without consent or leave of the Court. (Dkt. No. 100 at 2). On July 31, 2026, the BFG Defendants filed a letter in response to the Plaintiffs' Letter, arguing that the Answer and Original Counterclaims are separate pleadings and that they had the right to amend the Original Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). (Dkt. No. 102 (the "BFG Letter")).

Here, the Amended Counterclaims are not deficient because (1) the BFG Defendants set forth the Original Counterclaims in a pleading distinct from the Answer (compare Dkt. No. 81 with Dkt. No. 46), and (2) the BFG Defendants filed their Amended Counterclaims within 21 days of service of the Original Counterclaims on RBR. (See Dkt. Nos. 93, 98). See BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC, 725 F. Supp. 3d 206, 215 (D. Conn. 2024) ("Defendants had twenty-one days from the time of service to file an amended counterclaim as of right.") (citing Fed. R. Civ. P. 15(a)(1)(B)).[2]

In addition, even if the BFG Defendants could not amend the Original Counterclaims as of right, and were required to seek leave to amend, Plaintiffs' Letter identifies no futility, bad faith, or prejudice that would justify denying amendment. (See generally Dkt. No. 100). See Corbett v. GC Serv. Ltd. P'ship, No. 05 Civ. 7680 (RCC) (RLE), 2006 WL 1652695, at *1 (S.D.N.Y. Jun. 14, 2006) (explaining that Rule 15(a) is "interpreted liberally" and "amendment is normally permitted, and the refusal to grant leave without justification is 'inconsistent with the spirit of

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

the Federal Rules.'") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Daniels v. Loizzo, 174 F.R.D. 295, 298 (S.D.N.Y. 1997) ("Under the liberal mandate of Rule 15(a), a motion to amend should be denied only for such reasons as prejudice, bad faith and futility.").

Therefore, given the "pro-amendment construction" of Rule 15, the Court accepts the Amended Counterclaims as properly and timely filed. Cinquanti v. Tompkins-Cortland Cmty. Coll., No. 99 Civ. 1478 (NAM), 2000 WL 949460, at *1 (N.D.N.Y. Jul. 5, 2000).

By **August 20, 2026**, RBR shall answer, move, or otherwise respond to the Amended Counterclaims.

Dated: New York, New York
August 4, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**