QPWB
ATTORNEYS

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
233 BROADWAY, SUITE 2120
NEW YORK, NY 10279
P: (212) 226-4026 • F: (212) 226-4027

October 8, 2026

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court
Southern District of New York

**RE: RBR Global LLC, et al. v. BFG 108, LLC, et al. - SDNY Index No. 1:25-cv-08381-JPC**

Your Honor:

As you are aware, our offices represent Plaintiffs RBR Global, LLC and Visconti Mortgage Company, LLC (together, "RBR").

As an initial matter, we sincerely apologize for missing the October 7th deadline and appreciate the Court's extension to October 12. The undersigned had not yet received the conference transcript, and my computer notes became unavailable when my laptop was returned to IT for replacement. The twenty exemplars in question have however been agreed upon with Harney's counsel.

In *Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, No. 19 Civ. 9193 (PGG) (SLC), 2023 WL 315072 (S.D.N.Y. Jan. 19, 2023), this Court reviewed agreed exemplars to determine whether the asserted privileges were supported, rejected unsupported common-interest claims, and directed production of similarly situated documents. RBR respectfully requests the same approach here: examination of the twenty agreed exemplars to determine whether Harney has established an underlying privilege and whether disclosure to participants outside the attorney-client relationship furthered a common legal strategy sufficient

to preserve that privilege. The central question is whether those participants shared and pursued a common legal interest, rather than merely coordinating collections or advancing shared commercial or financial interests.

While common interest may preserve an existing privilege, it does not independently create one. Indeed, Harney has notably failed to identify any written joint defense or common interest agreement which existed contemporaneous with the communications in question.

Here, Harney's log repeatedly invokes "common interest privilege" but does not identify the client(s) represented by each lawyer, the specific legal interest shared by each participant, or the basis for preserving confidentiality across the entities. The chosen exemplars will permit a focused review of these deficiencies:

1. <u>Commercial Transactions and Collection Operations:</u> Documents 009604 (row 61), 003113 (238), 006267 (244), 007889 (308), and 002287 (340) concern, respectively, Visconti Mortgage, collection authorization, refinancing with RBR, a draft joint collection letter, and a Visconti term sheet. While these subjects may involve legal advice, their descriptions do not establish that the communications primarily sought or conveyed such advice rather than business instructions, negotiating positions, or operational decisions. Counsel's participation does not resolve that distinction. The Court should thus examine each communication and attachment separately.

2. <u>Forwarded Advice and Communications Among Nonlawyers:</u> Documents 003316 (row 30), 002511 (33), 002572 (47), 009740 (78), 010141 (146), 002915 (160), 003050 (187), and 002477 (383) describe forwarded counsel correspondence or discussions of counsel's advice. The listed senders and recipients do not themselves include counsel. Harney must thus establish that the particular exchange conveyed protected advice and that every recipient was within the protected relationship or a qualifying common legal enterprise. Any new forwarding text, factual updates, and collection instructions require separate assessment.

3. <u>Distribution To Collection Vendors And Multiple Entities.</u> Documents 010011 (row 110) and 010070 (133) include Banana personnel, Highmore personnel, Monahan, and Empire Recovery submissions and finance accounts. Documents 007712 (291), 008916 (366), and 005149 (401) circulate among Goldberg, Highmore, Harney, Banana or Novapath, and other participants. Their involvement in collections or anticipated litigation does not establish each participant's legal role or need to receive privileged information. Harney should thus identify each recipient's capacity, represented entity, and confidentiality obligations, and explain any agency or other exception relied upon for third-party disclosure.

4. <u>Anticipated Litigation And Court Filings</u>. Document 010883 (row 2) refers to anticipated litigation against Plaintiffs, while 007552 (275) concerns documents filed with the Court. Harney must identify the actual protected advice or litigation preparation, rather than merely rely on subject labels.

Publicly filed documents do not become privileged when transmitted to counsel. For a work-product claim, Harney must establish that the material was prepared because of anticipated litigation, rather than in the ordinary course of collections or business.

Consistent with the foregoing, RBR requests that Harney's October 19, 2026 submission include complete, unredacted chains and associated attachments for the twenty agreed upon exemplars along with a Declaration identifying: (1) each lawyer's client and each other participant's capacity; (2) the underlying privilege or work-product protection; (3) the specific common legal interest and when the arrangement began; (4) why each recipient participated and how confidentiality was maintained; and (5) whether nonprivileged portions can be segregated.

Any written common-interest agreement which exists should likewise be supplied for in camera review. If the arrangement alleged was unwritten, Harney should provide the Court with competent evidence to establish its participants, timing, and scope.

Subsequent to the Court's review, RBR respectfully requests production of exemplars or portions thereof for which Harney fails to establish protection as well as and an Order requiring Harney to apply the Court's rulings to comparable entries throughout its log as occurred in *Monterey Bay*.

Thank you for your consideration in this matter.

Respectfully Submitted,

QUINTAIROS PRIETO WOODS BOYER PA

ANTHONY C. VARBERO, ESQ.