LONDON FISCHER LLP
59 MAIDEN LANE
NEW YORK, NEW YORK 10038

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

LOS ANGELES OFFICE
515 S FLOWER STREET, SUITE 1000
LOS ANGELES, CALIFORNIA 90071

WWW.LONDONFISCHER.COM

October 16, 2026

**Via ECF**
Hon. Sarah L. Cave,
United States Magistrate Judge
United States District Court
Southern District of New York

**Re:** ***RBR Global LLC, et al. v. BFG 108, LLC, et al.*,**
**Index No. 1:25-cv-08381-JPC-SLC (S.D.N.Y.)**

Dear Judge Cave:

We represent Defendants HMP Advisory Holdings, LLC d/b/a Harney Partners LLC and Tim Monahan (the "HMP Defendants"). We write pursuant to the Court's September 30, 2026 Order and in response to Plaintiffs' October 8 letter concerning the privilege log.

Plaintiffs identify 20 exemplars in four categories of alleged deficiencies, yet cite no caselaw supporting their position. Each is protected by the attorney-client privilege, the work-product doctrine, or both. The common thread is Mr. Monahan, who, as Highmore's financial advisor for the liquidation of Banana Funding Group, LLC ("BFG"), acted as the functional equivalent of a Highmore employee for privilege purposes. The Court should sustain the designations.

**Applicable Legal Standard**

The attorney-client privilege protects confidential communications made for the purpose of obtaining legal advice "between a client's representative and the client's attorney, between representatives of a client, or between attorneys for a client." *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001). The privilege applies where a communication's predominant purpose is to obtain or render legal advice. *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007).

Under the functional-equivalent doctrine, "an independent contractor of a client may be a de facto employee of the employer for purposes of privilege." *United States v. Anthem, Inc.*, No. 20-CV-2593 (ALC) (KHP), 2025 U.S. Dist. LEXIS 163731, at *14 (S.D.N.Y. Aug. 22, 2025). Courts in this District consider many factors, including whether the consultant (1) "had primary responsibility for a key corporate job"; (2) "had a continuous and close working relationship with the company's principals on matters critical to its position in litigation"; (3) "is likely to possess

information no one else at the company possesses"; (4) "exercised independent decision-making on the company's behalf"; (5) "served as a company representative to third parties"; or (6) sought legal advice from corporate counsel to guide his work. *Walsh v. CSG Partners, LLC*, 544 F. Supp. 3d 389, 392 (S.D.N.Y. 2021).

## **Argument**

### I. "Commercial Transactions and Collection Operations"

These exemplars (Documents 009604, 003113, 006267, 007889, and 002287) are communications among Mr. Monahan, Co-Defendants, and Highmore's counsel at Golenbock Eiseman Assor Bell & Peskoe LLP ("Golenbock"). As the updated log reflects (Ex. A), their predominant purpose was to obtain Golenbock's legal advice on merchant-collection strategy, not, as Plaintiffs contend, to convey "business instructions, negotiating positions, or operational decisions."

The *Walsh* factors support functional equivalence. Highmore retained HMP Defendants to assume primary responsibility for financial advisory services in BFG's liquidation, including "working with BFG personnel to help maximize collection of BFG MCA lender loans." (Ex. B, Retainer Agreement.) Mr. Monahan managed merchant collections and coordinated with Highmore's principals, collection counsel and agents. Thus, when Highmore sought Golenbock's advice on those efforts, it included him because he was likely to possess information no one else at Highmore possessed. He was "authorized and directed to [and did] communicate directly with BFG personnel and such other third parties as deemed necessary by HP in its sole business judgment, regarding matters relevant to the Services." *Id*. Finally, Mr. Monahan repeatedly sought legal advice from corporate counsel to guide his work for Highmore, including in these exemplars (*see* Document 002287).

### II. "Forwarded Advice and Communications Among Nonlawyers"

Communications among non-attorneys are privileged where the purpose of the communication was to provide information to counsel, aid counsel in providing legal advice, or at the direction of counsel. *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 234 (E.D.N.Y. 2019); *Robinson v. De Niro*, 2022 U.S. Dist. LEXIS 42101, 2022 WL 704922, at *5 (S.D.N.Y. Mar. 9, 2022).

These exemplars (Documents 003316, 002511, 002572, 009740, 010141, 002915, 003050, and 002477) are communications among Defendants discussing legal advice and work product from Golenbock and Anderson Jones, counsel retained to advise on the same merchant collections Mr. Monahan was managing. Because Mr. Monahan was the functional equivalent of a Highmore employee for those efforts, communications relaying counsel's advice, or working to gather information for counsel, remain privileged.

### III. "Distribution To Collection Vendors and Multiple Entities"

Documents 010011 and 010070 are communications between Defendants and the Law Offices of Steven Zakharyayev. Empire Recovery personnel participated as the firm's agents, added by the firm to assist with conflict waivers. Documents 007712, 008916, and 005149 are

communications between Defendants and Keith Wier Law, in which Goldberg Hedge Funds participated as the firm's agent.

A lawyer's agents may participate in privileged communications without waiver where their involvement is necessary to facilitate the rendering of legal advice. *Ensor v. Chipotle Mexican Grill, Inc.*, 103 F. Supp. 3d 542, 546 (S.D.N.Y. 2015). Here, counsel itself added these agents to assist in delivering legal services, so their presence did not waive the privilege.

**IV. <u>"Anticipated Litigation and Court Filings"</u>**

Document 010883 is a communication between Defendants and Golenbock analyzing potential claims against Plaintiffs, claims later filed in Oklahoma, dismissed on procedural grounds, and reasserted here as counterclaims and a third-party complaint. It is privileged as a request for and rendering of legal advice, made in confidence, and is independently protected work product.

Document 007552 is a communication between Defendants and Golenbock concerning drafts for an order to show cause and the system used to share them. A document prepared by or for a party or his representative is protected work product if, among other things, it "can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998).

Moreover, unlike the attorney-client privilege, work-product protection is waived only by disclosure that substantially increases the opportunity for adversaries to obtain the material. *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 445-46 (S.D.N.Y. 2004). Sharing documents with Mr. Monahan, whose interests were aligned with Highmore's, did no such thing. Both documents thus remain protected regardless of the functional-equivalent question.

Accordingly, the HMP Defendants respectfully request that the Court sustain the privilege designations for the exemplars and categories at issue. In the alternative, because privilege is assessed document-by-document and twenty exemplars cannot establish the content of every withheld document, any adverse ruling should be confined to the specific exemplar, or the non-privileged portion of it with the remainder redacted, rather than extended to its entire category.

Respectfully Submitted,

**LONDON FISCHER LLP**

Anthony D. Green

Anthony Green, Esq.
*Attorneys for HMP Defendants*